GLADNEY, Judge.
The plaintiff sued defendant for a balance together with interest and attorneys’ fees allegedly due under a written contract of lease of certain movable equipment. Defendant denies liability asserting he was excused therefrom by reason of a return of the equipment. The case was tried on its merits and judgment rendered in favor of plaintiff for $153.53, and plaintiff being aggrieved thereby has appealed.
Under date of July 1, 1965, the Hertz Equipment Leasing Corporation entered into a contract of lease with Robert H. Driver, doing business as Driver’s Furniture & Toys, of Shreveport, Louisiana, wherein three machines utilized in mailing services were leased for a total sum of $1,039.77 for a period of 36 months with monthly payments fixed at $38.51.
On May 5, 1966 Driver returned the equipment to lessor’s New York office advising he was closing his store. Shortly thereafter he forwarded to lessor a check for $115.53 dated May 23, 1966 which bore the notation “Lease paid in full when cashed, No. 10-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”, which number corresponds to lessor’s reference number of the lease. Following receipt of the check and the equipment Hertz repeatedly informed defendant by mail that the check would not be accepted with the notation as the amount of the payment did not relieve him of his obligations under the terms of the contract. These letters, which Driver acknowledged he received, bore the dates of June 3, July 29 and August 16, 1966.
Apparently in an effort to mitigate the loss that Driver might sustain, Hertz, on June 13 wrote to Pitney-Bowes, Inc., the manufacturer of the equipment, that lessor would be willing to attempt to sell the equipment for a certain amount or allow it to be re-leased for the remaining 24 months, if plaintiff would pay his past due account of four months. The letter, however, stated “* * * we are informing Mr. Driver that we shall try to place the equipment as soon as we receive the past due payments. It should be also understood that if the equipment cannot be released within 90 days, we shall expect him to honor his lease contract.” A copy of this letter was sent to the defendant. The evidence disclosed the contractual obligation of the defendant was not released.
The suit has been defended by Driver on the ground that Hertz agreed to terminate the lease upon his return of the equipment. His explanation is as follows:
“When we decided to close my store at 3348 Line Avenue, I had already called the local Pitney-Bowes office to pick up part of the equipment which I had leased from them; then it was a question — and I also discussed with them what shall I do with this other equipment ?; they said ‘it will be up to you and Hertz Equipment’ so I got on the telephone I believe about a year and some months ago, if you will give me the date I shipped it back, the freight ticket — on a Friday morning of May 5, I called Mr. Marmo in New York and said, ‘sir, I’m closing my business as of tomorrow night’, which was Saturday night. At that time Pitney-Bowes remained open on Saturday mornings, and he told me, ‘Well, fellow, pack it up in its original equipment and ship it back to me.’ ”
The testimony of witnesses who appeared in behalf of the lessor and the let*742ters to Driver explains why the check was withheld. It is undisputed that a number of payments were past due under the lease contract when the equipment was returned and that there remains unpaid under the contract a balance of $1,039.77.
The record reveals appellee has failed to prove lessor consented to a termination of the contract. Judgment will be rendered in favor of plaintiff for the balance due under the contract, with interest and attorneys’ fees as provided therein, and the judgment from which appealed will be amended and recast to read:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Hertz Equipment Leasing Corporation and against the defendant, Robert H. Driver, formerly doing business as Driver’s Furniture & Toys, in the full sum of $1,039.97, with 5% per annum interest thereon from April 1, 1966 until paid, together with 25% as attorneys’ fees.
The defendant is cast for all cost of this suit.